UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEIRON ELIAS,

          Plaintiff,

    v.

HUBBARD,

          Defendant.

No.  2:26-cv-1470 CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

1

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

For the reasons discussed below, plaintiff is ordered to show cause why this action should not be dismissed for his failure to exhaust administrative remedies.

## I.    SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

2

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

## II.    LEGAL STANDARD FOR EXHAUSTION OF ADMINISTRATIVE REMEDIES

Because plaintiff is a prisoner challenging the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA requires prisoners to exhaust available administrative remedies before bringing an action challenging prison conditions under Section 1983.  42 U.S.C. § 1997e(a).  "The PLRA mandates that inmates exhaust all available administrative remedies before filing 'any suit challenging prison conditions,' including, but not limited to, suits under [Section] 1983." Albino v. Baca, 747 F.3d 1162, 1171 (brackets added) (9th Cir. 2014), (quoting Woodford v. Ngo, 548 U.S. 81, 85 (2006)), overruled on other grounds by Perttu v. Richards, 605 U.S. 460 (2007). Regardless of the relief sought, a prisoner must pursue an appeal through all levels of a prison's grievance process as long as some remedy remains available.  "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.'  Once that is no longer the case, then there are no 'remedies ... available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original).

"Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of administrative remedies: An inmate ... must exhaust available remedies, but need not exhaust unavailable ones." Ross v. Blake, 578 U.S. 632, 642 (2016) (brackets in original).  In discussing availability in Ross, the Supreme Court identified three circumstances in which administrative remedies were unavailable: (1) where an administrative remedy "operates as a simple dead end" in which officers are "unable or consistently unwilling to provide any relief to aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates from taking

advantage of a grievance process through machination, misrepresentation, or intimidation." Ross, 578 U.S. at 643-44. "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust – irrespective of any 'special circumstances.'" Id. at 639. "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id.

The California Department of Corrections and Rehabilitation ("CDCR") has established an administrative grievance process through which incarcerated persons may seek review of departmental policies, conditions of confinement, or staff conduct affecting them. See 15 Cal. Code Regs. §§ 3480, et seq. Under these regulations, an incarcerated person, or "claimant," may submit a written grievance to dispute a policy, decision, action, condition, or omission by the Department or departmental staff that causes measurable harm to the claimant's health, safety, or welfare. See 15 Cal. Code Regs. § 3481(a). The grievance must be submitted on a CDCR Form 602-1 to the Institutional Office of Grievances at the prison. See 15 Cal. Code Regs. § 3482(a), (c). If the claimant wishes to challenge the resulting decision, the claimant may submit an appeal to the CDCR Office of Appeals. See 15 Cal. Code Regs. §§ 3484(a), 3485(a). Completion of the review process by the Office of Appeals constitutes exhaustion of all administrative remedies available to the claimant. See 15 Cal. Code Regs. § 3485(l).

In general, failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. See Jones v. Bock, 549 U.S. 199, 216 (2007). However, courts may dismiss a claim if failure to exhaust is clear on the face of the complaint. See Albino, 747 F.3d at 1166.

## III.   DISCUSSION

Named as the defendant in this action is California State Prison-Sacramento ("CSP-Sac") Library Technician Hubbard. (ECF No. 1 at 2.) Plaintiff alleges that defendant Hubbard violated plaintiff's First Amendment right to freedom of speech and the exercise of religion by failing to make copies of documents related to the 12 step religious school plaintiff started in November 2024. (Id. at 3.)

For the following reasons, plaintiff is ordered to show cause why this action should not be

dismissed for his failure to exhaust administrative remedies.  In the section of the complaint form addressing administrative exhaustion, plaintiff indicates that there are administrative remedies available at his institution.  (Id.)  Plaintiff indicates that he submitted a request for administrative relief but did not appeal his request for relief to the highest level.  (Id.)  In the section of the complaint form asking, "If you did not submit or appeal a request for administrative relief at any level, briefly explain why not," plaintiff writes, "I have filed over 200 appeals.  None of them have ever been granted.  The appeal process is futile …acts as a dead end."  (Id.)  Based on this statement, plaintiff appears to claim that he meets the first Ross exception to administrative exhaustion, i.e., administrative remedies are unavailable because officers are unable or consistently unwilling to provide any relief to aggrieved inmates.  For the following reasons, this Court finds that plaintiff fails to demonstrate that he falls within this exception.  First, plaintiff fails to make clear at what level his over 200 grievances were not granted.  If plaintiff is claiming that his grievances were not granted, at least in part, at the institutional level, plaintiff does not identify how many of these grievances were not granted by officials at CSP-Sac, where the alleged deprivations in the instant action occurred.  See Thomas v. Salas, 2023 WL 6312126, at *6 (E.D. Cal. Sept. 27, 2023), findings and recommendations adopted, 2024 WL 4542294 (E.D. Cal. Oct.22, 2024) ("Moreover, the mere fact that an unspecified number of Plaintiff's grievances were denied at unspecified CDCR facilities does not establish that the grievance process was unavailable at NKSP.").  Second, plaintiff fails to describe the substance of any of the over 200 grievances that were not granted, why they were not granted, and when.  Based on plaintiff's conclusory claim that over 200 of his grievances were not granted, this Court finds that plaintiff fails to demonstrate that administrative exhaustion is a dead end.  Accordingly, plaintiff is ordered to show cause why this action should not be dismissed based on his failure to exhaust administrative remedies.

**IV.    CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Within thirty days of the date of this order, plaintiff shall show cause why this action should not be dismissed for his failure to exhaust administrative remedies.  Failure to respond to this order will result in a recommendation of dismissal of this action.

Dated:  June 25, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Elia1470.14/2

6